# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANYA RANITA BEY,<br><br>    Plaintiff,<br><br>   v.<br><br>STEVE SCHNEIDER, *et al.*,<br><br>    Defendants. | Case No. 23-cv-1042-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING *IN FORMA PAUPERIS* APPLICTION (ECF No. 2); and**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Proceeding *pro se*, Plaintiff Britanya Ranita Bey ("Bey") brought this civil action on June 5, 2023. (Compl., ECF No. 1.) That same day, Bey filed an application to proceed *in forma pauperis* ("IFP"). (IFP App., ECF No. 2.) For the reasons set forth below, the Court **GRANTS** Bey's IFP Application (ECF No. 2), **DISMISSES** without prejudice the Complaint (ECF No. 1); and **GRANTS** Bey leave to file a First Amended Complaint.

## I.   IFP APPLICATION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40. To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Adkins*, 335 U.S. at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skyler v. Saul*, No. 19-CV-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

There is ample evidence on the record demonstrating Bey cannot afford the filing fee. The affidavit proffered alongside the IFP Application indicates Bey has no gainful employment, no funds in either a checking or savings account, and no tangible assets. Based on this information, the Court **GRANTS** Bey's IFP Application. (ECF No. 2.)

## II. MANDATORY SCREENING OF PLEADING

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), courts must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek

damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). "The provisions of section 1915(e)(2)(B) are not limited to [complaints filed by] prisoners," but extend to all IFP pleadings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (instructing courts to "incorporate[] the familiar standard applied in the context of failure to state a claim under [Rule] 12(b)(6)" when assessing the sufficiency of an IFP pleading under § 1915(e)(2)(B)(ii)). Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader fails to satisfy this requirement under Rule 8 if the factual allegations in his or her complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) authorizes dismissal in such instances. Importantly, Rule 8 does not mandate "detailed factual allegations" in support of a claim. *Id.* But "unadorned, the-defendant-unlawfully-harmed-me accusations" are patently insufficient. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Discussion

The allegations in Bey's Complaint are set forth in a single page. In essence, Bey alleges that on April 4, 2023, Bey "delivered" a "common law copyright" to Defendants "to put them on notice of copyright infringement of a private trust" under the name

- 3 -

"Britanya Ranita Lewis©." (Compl. at p. 2.) In response, Defendant William P. Joslin, Esq., emailed Bey "stating[,] [']your demand is refused.[']" (*Id.*) Bey then "delivered" to Defendants "a Conditional Acceptance Proof of Claim" on April 10. (*Id.*) It appears that, in this document, Bey levied claims against Defendants "for antitrust violation laws [sic], copyright infringement, defamation of character, false allegations, equity violations and/or misrepresentations of antitrust for the online publication of a private trust." (*Id.*) Bey gave Defendants "10 days to respond." (*Id.*) When Defendants did not respond, Bey "delivered" to Defendants a "Notice of Default Opportunity to Cure and Contest Acceptance." (*Id.*) Bey gave Defendants a week to reply to this document. (*Id.*) Defendants allegedly ignored it. (*Id.*) Bey alleges Defendants' "non-response equates to tacit agreement" of their violations" and their failure to "adhere to the Conditional Acceptance . . . places them in dishonor." (*Id.*) Bey then instituted this action, asking the Court to order, *inter alia*, each Defendant to pay $1,000,000 in "compensatory damages, punitive damages, and emotional distress." (*Id.* at p.3.)

The Complaint appears to identify the claims Bey seeks to pursue against the Defendants (and to chronologize the process Bey undertook to notify Defendants of these apparent violations). But the Complaint crucially does not provide any facts supporting each of the alleged causes of action. Hence, the Court simply does not understand the factual basis or legal theory of any of Bey's claims. The Complaint, therefore, clearly is deficient through the lens of Rule 8's "short-and-plain statement" requirement because it fails to accomplish that Rule's principal object: to provide "fair notice of what plaintiff's claim is and the grounds upon which it rests in order to enable [defendants] to prepare an answer . . ., and to identify the nature of th[e] case." *Ísídro Mejía v. N.Y.P.D.*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019) (quoting *Middleton v. United States*, No. 10-CV-6057 (JFB)(ETB), 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012)); *see also Bowman v. Health & Human Servs. Agency*, 3:21-cv-1287-BTM-MDD, 2022 WL 3030947, at *3 (S.D. Ca. Aug. 1, 2022) (dismissing complaint under § 1915(e)(2)(B)(ii) for failing to abide by Rule (a)(2)'s notice requirement). Because the

Court does not understand Bey's claims, it is unfair for Defendants to have to prepare an answer to these vague and unsupported allegations.

A complaint that "contains no facts about what occurred, where the alleged violations occurred, or how the defendants or any other person allegedly violated plaintiff's rights, . . . fails to articulate viable legal claim[]." *See Chavez v. DHS Chain/Command*, No. 21-CV-7259 (LTS), 2021 WL 5853580, at *3 (S.D.N.Y. Dec. 7, 2021) (dismissing IFP complaint under § 1915(e)(2)(B)(ii) as violative of Rule 8). For this reason, the Complaint warrants dismissal under Section 1915(e)(2)(B). *Cf. Hussey v. N.Y. Police Dep'ts & Precincts*, No. 23-cv-2906 (LTS), 2023 WL 4106378, at *2–3 (S.D.N.Y. June 20, 2023) (dismissing under § 1915(e)(2)(B)(ii) as violative of Rule 8 an IFP complaint that listed claims but pled "no facts describing any of the specific events giving rise to [plaintiff's] claims"); *Grimes v. A1-Auto Care*, No. 21cv2093-LL-BLM, 2022 WL 959273, at *7 (S.D. Cal. Mar. 30, 2022) (dismissing under § 1915(e)(2)(B)(ii) as violative of Rule 8 certain claims in an IFP complaint that lacked supporting facts); *Tamayo v. City of Glendale*, No. 2:19-cv-10284-ODW(SK), 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) (dismissing under § 1915(e)(2)(B)(ii) as violative of Rule 8 an 88-page IFP complaint that "list[ed] 67 causes of action by parroting general elements of federal and state law claims without any supporting facts," including "the basic who, what, when, where, and why of [plaintiff's] claims against [d]efendants").

*       *       *       *

Having concluded the Complaint warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must determine whether that dismissal should be with prejudice. Because the Court cannot say at this time there is no merit to the underlying action, it **GRANTS** Plaintiff an opportunity to amend. If Bey decides to file a new amended complaint, Bey should include a short and plain statement, which not only identify the claims Bey is pressing against the Defendants, but that also provides the facts Bey says support each of those claims and how each of the Defendants have harmed Bey. The amendments need not be detailed. But Bey must include enough supporting facts in

her amended complaint that enable Defendants to understand the claims against them and for the Court to plausibly infer the claims Bey alleges entitle Bey to relief.

## III. CONCLUSION

For the foregoing reasons, the Court:

1) **GRANTS** the IFP Application (ECF No. 2);

2) **DISMISSES** without prejudice the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3) **GRANTS** Plaintiff leave to file an Amended Complaint. If Plaintiff chooses to file an Amended Complaint, it must be filed **by no later than September 5, 2023**.[1]

**IT IS SO ORDERED.**

**DATED: August 3, 2023**

Hon. Cynthia Bashant
United States District Judge

---

[1] Bey is warned that failure to abide by that deadline may result in dismissal of the action. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding that courts are vested with the inherent power to dismiss an action, including where a plaintiff has failed to prosecute the case or failed to comply with a court order).