UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANYA RANITA BEY,<br><br>   Plaintiff,<br><br>   v.<br><br>STEVE SCHNEIDER, *et al.*,<br><br>   Defendants. | Case No. 23-cv-1042-BAS-BGS<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE (ECF No. 5)** |

On August 3, 2023, this Court granted Plaintiff's request to proceed *in forma pauperis* but dismissed the Complaint without prejudice for failure to state a claim. (ECF No. 3.). The Court ordered Plaintiff to file an amended complaint no later than September 5, 2023. (*Id.*) When Plaintiff failed to file an amended complaint, the Court issued an Order to Show Cause, giving Plaintiff additional time to file an amended complaint and warning that failure to file by the new date would result in dismissal of the action. (ECF No. 4.) Plaintiff has now filed an Amended Complaint. (ECF No. 5.) Unfortunately, the Amended Complaint fares no better than the Original Complaint.

**I.    ANALYSIS**

The Amended Complaint appears to allege copyright infringement against nine named individuals, none of whom reside in this district. Similar to the Original Complaint, Plaintiff once again alleges that she "put Defendants on notice for copyright infringement

on intellectual property of a private trust Britanya Ranita Lewis © and a photograph of a flesh and blood woman, published October 13, 2009, on Defendant's public network (WAFB9)." (Amended Complaint.)

In order to allege a copyright infringement, Plaintiff must first allege that she owned a valid copyrighted work and, second that Defendants copied that copyrighted work. *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). Despite giving Plaintiff leave to amend, Plaintiff still fails to allege either of these elements. It is not clear from the Amended Complaint what validly copyrighted work she claims to own or how this copyrighted work was copied by the Defendants.

There are additional problems with the allegations in the Amended Complaint. First, since Plaintiff alleges the publication occurred on October 13, 2009, it appears to be outside the three-year statute of limitations. 17 U.S.C. § 507(b). Second, the Court is concerned about the lack of allegations supporting personal jurisdiction against the nine listed defendants who, according to the Amended Complaint, live in Atlanta, Georgia, Colorado Springs, Colorado and Baton Rouge, Louisiana. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a) (Copyright actions may be brought in the district in which the defendant or his agent resides. "The Ninth Circuit has interpreted the statute to mean that venue 'is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state,'" quoting *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).)) And, finally, Plaintiff fails to allege specific allegations against each of the nine separate individual defendants. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (stating that sweeping conclusory allegations about all defendants are not sufficient and a plaintiff must set forth specific facts as to each individual defendant's liability).

However, since the Plaintiff fails to allege the first fundamental element necessary for a copyright infringement action, that is, a valid copyright, the court finds dismissal is

proper. Additionally, since Plaintiff fails to allege a valid copyright, despite being given leave by the Court to amend to add this element, the Court finds dismissal should be with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that leave to amend should be freely given when justice so requires, but the court may deny leave to amend when a plaintiff repeatedly fails to cure deficiencies by amendments previously allowed or because further amendment is futile).

## II.    CONCLUSION

Plaintiff fails to allege either element of copyright infringement despite being given leave to do so. Hence, this Court, pursuant to its *sua sponte* duty to screen complaints under 28 U.S.C. § 1915(e)(2)(B), dismisses the Amended Complaint for failure to state a claim. Furthermore, since Plaintiff fails to cure the deficiencies in the Complaint despite being given leave by the Court to do so, the Court **DISMISSES** the Amended Complaint with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: January 16, 2024**

Hon. Cynthia Bashant
United States District Judge